IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AKEEMLUTAL ISSA                    :

    Petitioner                     :

  v.                                 :  Civil Action No. DKC-12-2441
                                                       Criminal Action No. DKC-10-335
UNITED STATES OF AMERICA           :

    Respondent                     :

## MEMORANDUM OPINION

Pending is Petitioner Akeemlutal Issa's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 (ECF No. 25), the Government's response thereto (ECF No. 28), and Petitioner's reply (ECF No. 30).

On November 5, 2010, Issa entered a plea of guilty to possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). (ECF Nos. 17 & 18). On February 7, 2011, the court sentenced Issa to 48 months' incarceration. (ECF No. 23). Issa did not appeal. In this case, Issa's conviction became final when the opportunity to appeal the district court's judgment expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003). This means that Issa's limitations period for seeking vacatur of his sentence began to run on February 21, 2011, and expired one year later. *See* Fed.R.App.P. 4(b); 28 U.S.C. § 2255(f)(1). When Issa filed the Motion to Vacate on August 16, 2012, the one-year limitations period had already expired.

Petitioner contends that his petition is not untimely because he filed it within a year after the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Under 28 U.S.C. § 2255(f)(3), the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." This

argument falters, however, because *Simmons* was decided by the Fourth Circuit, not the Supreme Court, and the decision upon which *Simmons* rests, *Carachuri-Rosendo v. Holder*, --- U.S. ----, 130 S.Ct. 2577 (2010), was decided prior to Petitioner's sentencing.

Moreover, the Fourth Circuit has determined that neither *Carachuri* nor *Simmons* applies on collateral review. In *United States v. Powell*, 691 F.3d 554, 559-60 (4th Cir. 2012), the Fourth Circuit held that the Supreme Court's decision in *Carachuri* "at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment[.]" The court then concluded that *Carachuri* is a procedural rule and "therefore, not retroactively applicable to cases on collateral review." *Id*. at 560. The Fourth Circuit has since confirmed this conclusion:

> We note that [a Section 2255 petitioner's] claim for retroactive application of the Supreme Court's opinion in *Carachuri–Rosendo v. Holder*, --- U.S. ----, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), and our opinion in *United States v. Simmons*, 649 F.3d 237, 241–45 (4th Cir. 2011) (*en banc*), fails in light of our recent opinion in *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012).

*United States v. Wheeler*, 487 Fed.App'x 103, 104, 2012 WL 5417557, at *1 (4th Cir. Nov. 7, 2012) (unpublished).

Clearly, then, the holding in *Simmons* is not a new right recognized by the Supreme Court under 28 U.S.C. § 2255(f)(3). Moreover, *Simmons* concerned whether a prior conviction for a violation of a particular North Carolina statute qualified as a felony. Specifically, the Fourth Circuit considered whether the defendant's conviction for a Class I felony under North Carolina law was an offense "punishable by imprisonment for a term exceeding one year" and thus qualified as a predicate felony conviction for purposes of the sentencing enhancement provision of the Controlled Substances Act ("the CSA").[1] *Simmons*, 649 F.3d at 243. Under North

---

[1] The Act mandates a term of imprisonment of at least five years for first time offenders, but mandates a term of imprisonment of at least ten years if the conduct occurred after a prior conviction for a felony drug offense

2

Carolina law, the defendant, as a first-time offender, could not receive a sentence exceeding eight months' community punishment. *Id.* "Because the state sentencing court never made the recidivist finding necessary to expose [the defendant] to a higher sentence, *Carachuri* teaches that the Government cannot now rely on such a finding to 'set the maximum term of imprisonment.'" *Id.* (quoting *Carachuri*, 130 S. Ct. at 2587 n. 12). Thus, the Fourth Circuit ruled that the North Carolina law, under the circumstances presented by the defendant's case, did not qualify as a predicate felony conviction for purposes of sentencing enhancement under the CSA. *Simmons*, 649 F.3d at 245.

Alternatively, under 28 U.S.C. § 2255(f)(4), a petition may be filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Some courts have held that, to the extent that interpretation of North Carolina law may impact sentencing enhancement in a federal conviction, the holding in *Simmons* may be relied upon as a fact supporting the claim under the exception for the one-year limitation in 28 U.S.C. § 2255(f)(4). *See, e.g.*, *Yarborough v. United States*, Nos. 5:07–CR–00270–1–F, 5:11–CV–00568–F, 2012 WL 1605579, at *2 (E.D.N.C. May 8, 2012) (holding that a change in precedent announced by the Fourth Circuit constitutes a fact for purposes of 28 U.S.C. § 2255(f)(4)). Issa, however, does not assert that a prior North Carolina conviction was relied upon for sentencing enhancement in his case. Thus, the *Simmons* decision does not apply to excuse the untimeliness of Issa's Motion to Vacate.

Issa was granted additional time to explain why his motion should not be dismissed as time-barred and whether equitable tolling applied to his filings. (ECF No. 29). In addition to reasserting his reliance on *Simmons*, Issa further indicates that his research on filing his motion

---

has become final. *See* 21 U.S.C. § 841(b)(1)(B)(vii). A "felony drug offense" is defined, in part, as a drug-related "offense that is punishable by imprisonment for more than one year under any law . . . of a State[.]" *Id.* § 802(44).

to vacate was slow and difficult work given that he did not have the assistance of an attorney. (ECF No. 30). To be entitled to equitable tolling, Petitioner must establish either that some wrongful conduct by the Government contributed to his delay in filing his Motion to Vacate, or that circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

Petitioner fails to establish factors warranting equitable tolling of the statute of limitations. To the extent Petitioner relies on his *pro se* status to excuse his late filing, such a contiention is insufficient to invoke equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (ignorance of the law, even for a *pro se* litigant, is insufficient).

Having concluded that Petitioner filed his Motion to Vacate beyond the statute of limitations, the motion will be dismissed as untimely.

Unless a certificate of appealabilty ("COA") is issued, a petitioner may not appeal the court's decision in a Section 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1); Fed.R.App.P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his

claims upon receiving such permission. Because Issa has not made a substantial showing of the denial of his constitutional rights, a COA will not be issued.

A separate Order follows.

Date: April 30, 2013 /s/
DEBORAH K. CHASANOW
United States District Judge